**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**WILLIAM C. CHEATHAM,**

                        **Plaintiff,**

      v.                                         **CASE NO. 21-3154-SAC**

**ANDREW DEDEKE, et al.,**

                        **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff William C. Cheatham, an inmate at Leavenworth County Jail (LCJ)[1] in Leavenworth, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by the lack of "African American hair items and products" available to purchase in the LCJ commissary. He names as defendants Leavenworth County Sheriff Andrew Dedeke, LCJ Commander Lieutenant Eric Thorne, and the Leavenworth County Sheriff's Department. The Court has identified several deficiencies in the complaint but will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures the deficiencies.

**I.  Nature of the Matter before the Court**

As the sole count of his complaint, Plaintiff claims that Defendants violated his constitutional rights by failing to ensure that "African American hair items and products," such as a comb and

---

[1] The online records of the LCJ reflect that Plaintiff is a pretrial detainee.

1

brush, are available for inmates to purchase at the LCJ commissary. (Doc. 1, p. 2.) Plaintiff asserts that he filed multiple grievances about this issue, but he has not received a satisfactory response. *Id.* at 45. As relief, Plaintiff seeks $2,500,000.00. *Id.*

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## III. Discussion – Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The decisions in *Twombly* and *Erickson* created a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this new standard, courts determine whether a plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *Smith*, 561 F.3d at 1098 (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, at 550 U.S. at 570).

**A. Failure to Identify the Right at Issue**

As noted, to state a claim under § 1983, Plaintiff must "allege

3

the violation of a right secured by the Constitution and laws of the United States." Plaintiff has not identified the right he believes was violated and the Court is not free to construct a legal theory on a plaintiff's behalf. Moreover, the Tenth Circuit has recognized that "the ability to purchase items at a prison commissary is a privilege, not a right." *Leatherman v. Rios*, 705 Fed. Appx. 735, 738 n.3 (10th Cir. 2017)(citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)). Thus, a denial of the opportunity to purchase certain hair items through the LCJ commissary does not independently support a plausible § 1983 claim.

Generally construing the complaint, as is appropriate because Plaintiff proceeds pro se, it appears Plaintiff may have intended to plead a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, which "'commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.'" *See Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). But he has failed to "'sufficiently allege that defendants were motivated by racial animus,'" as required when an equal protection claim is based on race. *See id.* (quoting *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989)). If Plaintiff chooses to file an amended complaint, he must identify the constitutional right he

4

believes was violated.

### B. Defendant Leavenworth County Sheriff's Department

Plaintiff has named the Leavenworth County Sheriff's Department as a defendant. To impose § 1983 liability on the county and its officials for acts taken by its employees, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998)(citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). Plaintiff has not alleged the existence of any county policy or custom that controls the inventory in the commissary. Thus, he has failed to allege facts supporting a § 1983 claim against the Leavenworth County Sheriff's Department.

### C. Defendants Dedeke and Thorne

Plaintiff also names as defendants Sheriff Dedeke and Lieutenant Thorne. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."). Conclusory allegations of involvement are not sufficient. *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

The only factual allegation directly involving Defendant Dedeke or Defendant Thorne is that they contracted with the company that provides products for the commissary. Plaintiff has not alleged that either Defendant directly controls the commissary inventory or decided what items the commissary shall offer for sale. *See Leatherwood v. Rios*, 705 Fed. Appx. 735, 738-39 (10th Cir. 2017) (finding plaintiff failed to state an equal protection claim against defendants related to commissary purchases when the plaintiff "fails to allege that any of [the defendants] have authority over the availability . . . of items offered at commissaries"). Nor has Plaintiff alleged that either Defendant personally was aware of his request for certain products and denied that request for racially motivated reasons.

6

Relatedly, to the extent that Plaintiff intends to hold the individual Defendants liable due to the unsatisfactory responses Plaintiff received to his grievances, an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Even liberally construing the complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendants Dedeke and Thorne to support a § 1983 claim against them.

### D. No Physical Injury

Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### IV. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim

on which relief can be granted. The Court will grant Plaintiff the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies.[2] In his amended complaint, Plaintiff must (1) name only appropriate defendants; (2) identify the particular federal constitutional right or rights he believes defendants violated; (3) allege sufficient facts to state a claim of federal constitutional violation and show a cause of action in federal court; and (4) allege sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an amended complaint within the given time that cures all the deficiencies discussed herein, this matter will be decided on the current deficient complaint.

## V. Other Pending Motions

Also before the Court is Plaintiff's "Motion for A Order Leavenworth County Jail Commissary Listing" (Doc. 4), which asks the Court to order production of a list of hygiene items approved for sale at the LCJ. Plaintiff seeks the order to avoid later alteration of the list. His request is akin to a motion for

---

[2] An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those he wishes to retain from the original complaint. Plaintiff must write the number of this case (21-3154) at the top of the first page of the amended complaint. *See* Fed. R. Civ. P. 10. He should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

discovery, but discovery in this case has not yet commenced. *See* Fed. R. Civ. P. 26(d). Thus, the motion (Doc. 4) is denied without prejudice as premature.

Additionally, Plaintiff has filed a "Motion to Addendum Petition with Exhibit." (Doc. 5) After reviewing the motion and exhibit, the Court concludes that it solely relates to a separate case filed by Plaintiff in this Court against the same defendants on the same day as this action. See *Cheatham v. Dedeke, et al.*, Case No. 21-cv-3153-SAC. That case—and the proposed addendum—relate to medical and mental healthcare allegations that are not at issue in this action. Moreover, the "Motion to Addendum Petition with Exhibit" has been filed in the other case and will be considered and addressed therein. As filed in this case, however, the motion (Doc. 5) is denied.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 17, 2021,** to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The failure to file a timely amended complaint may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (Doc. 4) and Motion to Supplement (Doc. 5) are **denied**.

The clerk is directed to send 1983 forms and instructions to Plaintiff.

9

**IT IS SO ORDERED.**

DATED:  This 17th day of August, 2021, at Topeka, Kansas.

                                S/ Sam A. Crow

                                SAM A. CROW
                                U.S. Senior District Judge