## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WILLIAM C. CHEATHAM,**

> **Plaintiff,**

> **v.**                                                   **CASE NO. 21-3154-SAC**

**ANDREW DEDEKE, et al.,**

> **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff William C. Cheatham, a pretrial detainee at the Leavenworth County Jail in Leavenworth, Kansas ("LCJ"), filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by the lack of "African American hair items and products" available to purchase in the LCJ commissary. He names as defendants Leavenworth County Sheriff Andrew Dedeke, LCJ Commander Lieutenant Eric Thorne, and the Leavenworth County Sheriff's Department. On August 17, 2021, the Court entered a Memorandum and Order to Show Cause ("MOSC") identifying deficiencies in the complaint and granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies.   This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 7).   The Court's screening standards are set forth in the Court's MOSC.

**I.   Nature of the Matter before the Court**

Plaintiff claims in his Amended Complaint that Defendants Dedeke and Thorne made rules to remove hair items from the commissary list such as brushes, combs, and hair ties, which mainly affects African American inmates because of their hair texture.   He also alleges that access to nail clippers and barber clippers was changed from once a week to once a month. Plaintiff claims that this was done in June 2021, when the LCJ obtained a new commissary provider.

1

Plaintiff alleges that the removal of these items from the commissary list was discriminatory and constitutes cruel and unusual punishment.  Plaintiff alleges that he filed a grievance with the LCJ and was told that he needs to contact the commissary company because they made their order to place these items on the commissary list.

Plaintiff seeks to have the hair items placed back on the commissary list and $2,500,000 in damages.

## II.  Discussion

The Court found in the MOSC that the Tenth Circuit has recognized that "the ability to purchase items at a prison commissary is a privilege, not a right."  *Leatherman v. Rios*, 705 F. App'x 735, 738 n.3 (10th Cir. 2017) (citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002)).  Thus, a denial of the opportunity to purchase certain hair items through the LCJ commissary does not independently support a plausible § 1983 claim.

The Court also found that Plaintiff may be claiming a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment, which "'commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.'"  *See Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  The Court found that Plaintiff failed to "'sufficiently allege that defendants were motivated by racial animus,'" as required when an equal protection claim is based on race.  *See id.* (quoting *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1269 (10th Cir. 1989)).  Plaintiff has failed to cure this deficiency in his Amended Complaint.

Plaintiff names the Leavenworth County Sheriff's Office as a defendant.  To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show

that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.   *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978).   The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."   *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has failed to show unconstitutional acts of staff.

Plaintiff also names as defendants Sheriff Dedeke and Lieutenant Thorne. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.   *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

The only factual allegation directly involving Defendant Dedeke or Defendant Thorne is that they contracted with the company that provides products for the commissary.   Plaintiff has

not alleged facts showing that either Defendant directly controls the commissary inventory or decided what items the commissary shall offer for sale.   *See Leatherwood v. Rios*, 705 Fed. Appx. 735, 738-39 (10th Cir. 2017) (finding plaintiff failed to state an equal protection claim against defendants related to commissary purchases when the plaintiff "fails to allege that any of [the defendants] have authority over the availability . . . of items offered at commissaries").   Nor has Plaintiff alleged that either Defendant personally was aware of his request for certain products and denied that request for racially motivated reasons.   Plaintiff alleges that in response to his grievance he was told to address the issue directly with the new commissary provider.

Relatedly, to the extent that Plaintiff intends to hold the individual Defendants liable due to the unsatisfactory responses Plaintiff received to his grievances, an allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation.   *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.").   Even liberally construing the Amended Complaint and taking all well-pleaded allegations therein as true, Plaintiff has failed to adequately allege sufficient personal involvement by Defendants Dedeke and Thorne to support a § 1983 claim against them.

Plaintiff has also failed to show that any defendant was deliberately indifferent.   A prison official violates the Eighth Amendment when two requirements are met.   *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*.   To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm."   *Id*.; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).   The Eighth Amendment requires prison and jail

officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*. Plaintiff has failed to show cruel and unusual punishment.

The Court found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff continues to seek monetary damages in his Amended Complaint without alleging a physical injury.

Plaintiff also seeks injunctive relief in the form of placing items back on the commissary list.  To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

Plaintiff has not shown that he will suffer irreparable harm without injunctive relief.   The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

Plaintiff has failed to cure the deficiencies set forth in the MOSC and has failed to state a claim for relief.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated November 22, 2021, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**